1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KELLY LEE BOHANNAN,                         No.  2:16-cv-1342 TLN AC P

12                    Petitioner,

13          v.                                     ORDER

14    WILLIAM L. MUNIZ,

15                    Respondent.

16

17          Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a

18    writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  See  ECF No. 1.  Respondent has filed

19    an answer, ECF No. 20; petitioner filed a reply, ECF No. 33.  However, prior to filing his

20    substantive reply, petitioner filed a motion to stay this action while he exhausts additional claims

21    in the state courts.  See ECF No. 31.  For the reasons set forth below, petitioner will be directed to

22    file a supplemental brief informing the court whether his motion to stay this action is made

23    pursuant to Rhines v. Weber, 544 U.S. 269 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir.

24    2003); and respondent will be directed to file a response.

25          Petitioner seeks a stay of this action under Rhines "and/ or" Kelly.  ECF No. 31 at 1.  The

26    motion responds to the substance of respondent's answer to the petition.  Petitioner

27    ////

28    ////

1

1  explains, <u>id.</u> at 2-3:

2  
3  
4  
5  
6  

> Petitioner has discovered upon review of respondent's answer to petition for writ of habeas corpus that petitioner's first, second, and fourth claims are non-cognizable state law claims and the only way to properly remedy [this] . . . is to assert a Sixth Amendment IAC claim which applies equally to both trial and appellate counsel. . . . Also, petitioner has now properly submitted Claim [Fourth] [sic] before the California Supreme Court as upon review of respondent's answer it was determined to be unexhausted, therefore petitioner is attempting to exhaust. . . .

7  Petitioner has attached to his motion a draft copy of his new state habeas corpus petition.  <u>See</u>

8  ECF No. 31 at 11-6 (Ex. A).  The state petition identifies the following single ground for relief

9  (with additional supporting facts), <u>id.</u> at 13:

10  
11  
12  
13  

> The Sixth and Fourteenth U.S. Constitutional Amendment of the right to effective assistance of counsel which applies equally to both trial and appellate counsel.  Petitioner's rights were violated under the Due Process Clause 6th & 14th U.S. Con. Amendments and petitioner was prejudiced by counsel's omissions and ineffectiveness.

14  This petition was apparently filed in the California Supreme Court on February 20, 2018 and

15  remains pending as of this writing.[1]

16      In further support of his motion, petitioner has attached a "proposed amended" federal

17  habeas petition.  <u>See</u> ECF No. 31 at 18-46 (Ex. B).[2]  Compared with the original petition (ECF

18  No. 1), the proposed amended petition (ECF No. 31) redesignates prior Claim Three as Claim

19  Four (<u>cf.</u> ECF No. 1 at 16 and ECF No. 31 at 33), and adds the above new IAC claim as new

20  Claim Three (<u>see</u> ECF No. 31 at 22).  The new claim is set forth only on the form portion of the

21  proposed amended habeas petition.  <u>Id.</u>

22  

23  [1]  In his motion to stay, filed February 2, 2018, petitioner states that his new state petition is "currently pending in the California Supreme Court."  ECF No. 31 at 1.  However, review of the

24  case information website operated by the California Supreme Court appears to indicate that petitioner filed the petition on February 20, 2018, which as of this writing remains pending.

25  A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d

26  500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980); <u>see also</u> Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate

27  determination by sources whose accuracy cannot reasonably be questioned).

[2]  This exhibit, which was paginated upon its recent docketing in this court, includes its original
28  pagination when docketed in the Northern District prior to its transfer to this court.

1    The court does not presently address the merits or potential merits of petitioner's stay

2    request.  Rather, the court informs petitioner that the legal standards and potential consequences

3    for staying a federal habeas petition under Rhines and Kelly, while petitioner exhausts additional

4    claims in the state court, are quite different.  A Rhines stay is available for a petition that (1) is

5    "mixed," that is, containing both exhausted and unexhausted claims, or (2)  contains only

6    unexhausted claims.  See Rhines, 544 U.S. at 275-78; see also Mena v. Long, 813 F.3d 907, 910

7    (9th Cir. 2016).  A Rhines stay preserves the federal filing date for unexhausted claims contained

8    in the federal petition, thus potentially avoiding a statute of limitations challenge.  However, to

9    obtain a stay under Rhines, the petitioner must show that (1) good cause exists for his failure to

10   earlier exhaust his claim(s) in the state courts, (2) the claim(s) at issue potentially have merit, and

11   (3) petitioner has not intentionally delayed pursuing the litigation.  Rhines, at 544 U.S. at 277-78.

12       Alternatively, a petitioner may seek to stay an exhausted-claims-only petition pursuant to

13   Kelly.  See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (recounting three-step procedure

14   under Kelly).  Under the Kelly procedure, the court may stay a petition containing only exhausted

15   claims while allowing the petitioner to proceed to state court to exhaust additional claims.  The

16   procedure under Kelly is as follows:  "(1) a petitioner amends his petition to delete any

17   unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted

18   petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted

19   claims; and (3) the petitioner later amends his [federal] petition" to reincorporate the newly

20   exhausted claims.  King, 564 F.3d at 1139 (citing, inter alia, Kelly, 315 F.3d at 1070-71).  The

21   Kelly procedure does not require petitioner to demonstrate good cause or that the claims have

22   potential merit.  However, using the Kelly procedure means that any newly-exhausted claims later

23   added to the federal petition by amendment must "relate back" to the claims in the stayed petition

24   or otherwise satisfy applicable statute of limitations requirements.  In other words, "the Kelly

25   procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims

26   from untimeliness in the interim."  King at 1141.

27       Petitioner's instant motion and proposed amended petition appear to reflect the stay-and-

28   abeyance procedure under Rhines.  However, because petitioner's motion expressly seeks a stay

3

based on <u>Rhines</u> "and/or" <u>Kelly</u>, demonstrating petitioner's failure to distinguish the two procedures, he will be tasked with making a choice in his supplemental brief.

In addition, because respondent has filed an answer to the original petition, respondent will be directed to file a response to petitioner's supplemental brief addressing any potential prejudice to respondent should this court grant petitioner's motion, as well the potential merit of petitioner's proferred new claim.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall, within twenty-one (21) days after the filing date of this order, file and serve a supplemental brief informing the court whether petitioner's motion to stay this action is made pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), or <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).

2. Within fourteen (14) days after service of petitioner's supplemental brief, respondent shall file and serve a response.

SO ORDERED.

DATED: April 23, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE