UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KELLY LEE BOHANNAN, | No. 2:16-cv-1342 TLN AC P |
|---|---|
| Petitioner, | |
| v. | ORDER |
| WILLIAM L. MUNIZ, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Petitioner filed a motion to stay and abey this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005), pending exhaustion of a new claim in the California Supreme Court alleging the ineffective assistance of petitioner's trial and appellate counsel (IAC claim).[1] See ECF Nos. 31, 35. However, the undersigned's review of the Case Information website operated by the California courts demonstrates that petitioner's state habeas petition, Case No. S247088, which was filed in the California Supreme Court on February 20,

---

[1] The state petition identifies the following single ground for relief (with additional supporting facts), ECF No. 31 at 13:
> The Sixth and Fourteenth U.S. Constitutional Amendment of the right to effective assistance of counsel which applies equally to both trial and appellate counsel. Petitioner's rights were violated under the Due Process Clause 6th & 14th U.S. Con. Amendments and petitioner was prejudiced by counsel's omissions and ineffectiveness.

1

2018, was recently denied by that court on May 9, 2018.[2]  Therefore, the new claim is now exhausted in the state courts and petitioner's request for a stay in this court is now moot.

At this juncture, the appropriate procedure is for petitioner to file a motion to amend his petition together with a proposed amended petition.  See Fed. R. Civ. P. 15 (a)(2) ("The court should freely give leave [to amend] when justice so requires."); see also Rule 12, Rules Governing Habeas Corpus Cases Under Section 2254 (Federal Rules of Civil Procedure apply "to the extent they are not inconsistent with any statutory provisions or these rules").

Additionally, to the extent that petitioner's newly exhausted claim may be untimely before this court, petitioner shall address whether inclusion of the claim in an amended federal petition should relate back to the filing date of the original petition.  See Fed. R. Civ. P. 15(c).  As explained by the United States Supreme Court, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005) (fn. omitted).  "[A] late-filed claim in an amended federal habeas petition relates back under Rule 15(c) if the timely claim and the late-filed claim 'are tied to a common core of operative facts.'"  Ha Van Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013) (quoting Mayle, 545 U.S. at 664).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay this action, ECF No. 31, is denied as moot.

2. Petitioner shall file a motion to amend his petition, together with a proposed First Amended Petition, within thirty (30) days after service of this order.

3. Respondent shall file a response to petitioner's motion within twenty-one (21) days after service of petitioner's motion.

////

////

---

[2]  This court may take judicial notice of its own records and the records of other court.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

4. Failure of petitioner to timely file a motion to amend and a proposed amended petition will result in this action proceeding on the merits of the original petition.

IT IS SO ORDERED.

DATED: May 16, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE