UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELLY LEE BOHANNAN,

    Petitioner,

v.

WILLIAM L. MUNIZ,

    Respondent.

No. 2:16-cv-1342 TLN AC P

FINDINGS AND RECOMMENDATIONS

I. Introduction

Petitioner is a state prisoner incarcerated at Salinas Valley State Prison, under the authority of the California Department of Corrections and Rehabilitation (CDCR). Petitioner proceeds pro se and in forma pauperis with a fully briefed petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See ECF No. 1 (petition); ECF No. 20 (answer); ECF No. 33 (traverse). Before the court ruled on the merits of the petition, petitioner moved for leave to file an amended petition and submitted a proposed First Amended Petition (FAP) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See ECF Nos. 39, 40. Respondent opposes petitioner's motion on timeliness grounds. ECF No. 41. Petitioner did not file a reply. For the reasons that follow, the undersigned recommends that petitioner's motion to amend be denied.

II. General Legal Standards Governing Motions to Amend

An application for a writ of habeas corpus "may be amended or supplemented as provided

in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; see also Rule 12 of the Rules Governing § 2254 Cases (recognizing general applicability in habeas of rules of civil procedure). Federal Rule of Civil Procedure 15(a)(2) authorizes an amended pleading "only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires." See Outdoor Systems, Inc. v. City of Mesa, 997 F.2d 604, 614 (9th Cir. 1993) (denial of leave to amend is reviewed "for abuse of discretion and in light of the strong public policy permitting amendment"). Factors to be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). It is "within the discretion of the district court to deny leave to amend when the amendment would be 'futile.'" Smith v. Commanding Officer, Air Force Accounting & Fin. Ctr., 555 F.2d 234, 235 (9th Cir. 1977) (citations omitted).

In general, pro se pleadings are to be liberally construed:

> A document filed pro se is "to be liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal citations omitted); see also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2001) ("Pro se complaints and motions from prisoners are to be liberally construed.").

Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, while the court must liberally construe pro se pleadings, "the petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010).

III.  Procedural Background in the Federal Court

Petitioner filed his original petition for writ of habeas corpus in the United States District Court for the Northern District of California on May 10, 2016. ECF No. 1. The case was transferred to this court on June 16, 2016. ECF No. 8. By order filed July 17, 2017, the court granted petitioner's motion to proceed in forma pauperis and directed respondent to file and serve

a response to the petition. ECF No. 11. Respondent filed an answer on November 9, 2017. ECF No. 20. Respondent did not contest the timeliness of the federal petition but argued that each of petitioner's claims should be denied. Id.

The court granted extended time for petitioner's reply. On February 2, 2018, petitioner filed a motion to stay this action, ECF No. 31, and, on March 2, 2018, petitioner filed a traverse, ECF No. 33.

By order filed April 23, 2018, the court directed petitioner to file a supplemental brief explaining whether his motion to stay was made pursuant to Rhines v. Weber, 544 U.S. 269 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). ECF No. 34. Petitioner filed a supplemental brief on May 14, 2018, informing the court that his motion to stay was made under Rhines. ECF No. 35. Petitioner explained that his unexhausted claim, alleging the ineffective assistance of his trial and appellate counsel, was then pending in the California Supreme Court in Case No. S247088, which petitioner had filed on February 20, 2018. Id.

By order filed May 17, 2018, the court took judicial notice that petitioner's recently filed state habeas proceeding, Case No. S247088, was denied by the California Supreme Court on May 9, 2018. ECF No. 36. As a result, the court found that petitioner's "new claim is now exhausted in the state courts and petitioner's request for a stay in this court is now moot." Id. at 2. The court directed petitioner to file a motion to amend his petition together with a proposed FAP. Id. at 2-3. Noting that petitioner's newly exhausted claim may be untimely, the court directed petitioner to address whether inclusion of the claim in his FAP should relate back to the filing date of the original petition. Id. at 2 (citing Fed. R. Civ. P. 15(c)). The court informed petitioner as follows, id.:

> As explained by the United States Supreme Court, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005) (fn. omitted). "[A] late-filed claim in an amended federal habeas petition relates back under Rule 15(c) if the timely claim and the late-filed claim 'are tied to a common core of operative facts.'" Ha Van Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013) (quoting Mayle, 545 U.S. at 664).

////

On July 2, 2018, following extended time, petitioner filed his motion to amend and his proposed FAP. ECF Nos. 39-40. Respondent filed his opposition on July 17, 2018. ECF No. 41. Petitioner did not file a reply.

IV.  Procedural Background in the State Courts

The state proceedings preceding this federal action were numerous and complex. The initial trial court proceedings were recounted by the Third District California Court of Appeal, on direct review in 2013, as follows (emphasis added):

> In **Case No. 10F2176** defendant was charged in March 2010 with possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) It was further alleged he had a prior strike conviction in 1987 (Pen. Code, § 1170.12) and had served five prior prison terms (id., § 667.5, subd. (b)).
>
> A few days later, defendant was charged in a separate complaint – **Case No. 10F2330** – with felony vandalism (Pen. Code, § 594, subd. (b)(1)), attempted auto theft (Veh. Code, § 10851, subd. (a)/Pen. Code, § 664), and misdemeanor counts of driving under the influence (Veh. Code, § 23152, subd. (a)), being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), hit-and-run (Veh. Code, § 20002, subd. (a)) and obstructing a peace officer (Pen. Code, § 148, subd. (a)(1)). As to the felony charges, it was also alleged defendant had committed these offenses while he was released on bail in **Case No. 10F2176**. It was further alleged defendant suffered a prior strike conviction (Pen. Code, § 1170.12) and had served five prior prison terms (id., § 667.5, subd. (b)).
>
> In July 2010, in **Case No. 10F2176**, defendant pleaded no contest to possessing methamphetamine and admitted the prior strike allegation. In **Case No. 10F2330**, he pleaded no contest to felony vandalism, felony attempted vehicle theft and misdemeanor driving under the influence. He also admitted the prior strike conviction and five prior prison term allegations. The plea agreement indicated defendant would also admit the on-bail enhancement allegation. However, defendant did not actually enter that admission. Pursuant to the plea agreement, the remaining charges were dismissed. Defendant was provisionally granted probation if he completed the Teen Challenge treatment program. If he failed the program, he would be sentenced to a term of 15 years four months in state prison.
>
> Approximately three weeks later, defendant moved to withdraw his admission of the prior strike, based on his claim that the 1987 conviction was a misdemeanor conviction, not a felony. The People acknowledged defendant had established a sufficient basis for withdrawing the admission and the trial court granted the motion.
>
> At the hearing on the motion, the People noted defendant was now entitled to a jury trial on the strike allegation and indicated their willingness to proceed immediately to a court trial if defendant

4

waived his right to a jury trial. Defense counsel and defendant indicated they were prepared to waive jury trial and proceed to a court trial. The court and counsel then set forth the issues to be addressed: first, the validity of the underlying felony conviction; second, whether the prior strike allegation was true; and, third, was ineffective assistance of counsel rendered in the 1987 proceedings?

The People offered into evidence the 1987 change of plea form and copy of the information. The trial court took judicial notice of the entire 1987 file (**Case No. 87–1772**), including the copy of the plea form, the information and preliminary hearing transcript. The 1987 file reveals that defendant was charged with, among other things, felony dissuading a witness. (§ 136.1, subd. (c).) Following the preliminary hearing, defendant was held to answer for a "violation of [section] 136.1, a misdemeanor, of attempting to persuade a witness." Six weeks after the preliminary hearing, defendant pleaded guilty to two drug possession counts and "preventing and dissuading a witness from testifying, a felony, in violation of Section 136.1 [subdivision] (c) of the California Penal Code, as charged in count 3 of the Information on file...." (Some capitalization omitted.) In accepting the plea, the court found a factual basis for the felony plea. The record of judgment and sentencing and the report of sentence both indicate defendant was found guilty of a felony count of dissuading a witness. There was no reporter's transcript of the plea hearing in the court file.

At the conclusion of the September 2010 hearing, the court (an assigned judge) took the matter under submission commenting, "This seems to be [a] complicated issue." After various continuances, and some confusion as to the current status of the case, in April 2011, the People explained the procedural posture of the case to the court: That defendant had been allowed to withdraw his strike admission and there had been "a trial on the priors in which the People presented the certified copy of conviction, requested judicial notice of the court's file concerning that, defense counsel presented evidence during the trial that consisted of the preliminary hearing from the – in the underlying strike prior, [and] both parties argued." The People advised the court the parties were waiting for a ruling as to whether the strike prior had been proven: "We submitted the documents, requested judicial notice and had the court trial, but the Court never made any findings as to whether or not the People have met their burden of proof with respect to the strike allegation.... [W]e were on I believe ... for the Court to issue the findings on whether or not the People had proven the strike allegation." The People also clarified that defendant's motion was not a motion to strike the prior, because the argument was not "that the punishment should be stricken, but that the strike itself was not a valid strike."

After reviewing the 1987 court records, the assigned trial judge ruled, "I don't see anything invalid about the strike, because it was charged as a felony, he pled to a felony. The change of plea form clearly indicates that, so I don't see anything invalid about the strike itself.... But if it's simply here to determine the validity, and I'm – of the strike itself, it – the ruling of the Court is that it is valid."

> Meanwhile, between the time of the original plea agreement in **Case Nos. 10F2176 and 10F2330** (July 2010) and the trial on the prior strike allegation (April 2011), another complaint alleging additional drug possession charges was filed against defendant in **Case No. 11F2362**. After the court's finding that the 1987 conviction was a valid strike, the parties entered into a global disposition of all three cases. Under this disposition, in addition to his earlier pleas, defendant also pleaded guilty to transporting methamphetamine in **Case No. 11F2362**. In exchange, he was to be sentenced to the previously agreed upon term of 15 years four months on **Case Nos. 10F2176 and 10F2330**, and an additional consecutive one year on **Case No. 11F2362**.

People v. Bohannan, 2013 WL 475218, at *1-3, 2013 Cal. App. Unpub. LEXIS 1038 (Cal. Ct. App. Feb. 8, 2013) (Lodg. Doc. 8).

On February 8, 2013, the Third District Court of Appeal affirmed the trial court's judgment as to petitioner's substantive offenses and found, in pertinent part, that the trial court had properly determined, based on a review of the entire 1987 court file, that petitioner had been both "charged with, and pleaded guilty to, a *felony* conviction of section 136.1, subdivision (c)." Id. at *4 (emphasis added). Therefore, the conviction qualified as a strike under Section 1170.12. However, due to petitioner's withdrawal of his admission to the conviction and a trial on the matter prior to the parties reaching a global disposition as to all of petitioner's cases, the Court of Appeal remanded the case to the trial court "for defendant personally to admit the prior serious felony conviction allegation, or submit to a court trial on the issue of identity – whether he is the person who has suffered the prior conviction." Id. at 5. The Court of Appeal also remanded the case for further proceedings on defendant's agreement to admit the "on-bail enhancement" allegation that he had committed the offenses in Case No. 10F2330 while released from custody in Case No. 10F2176. Id. at *6. Petitioner filed a petition for review in the California Supreme Court, which was denied on April 17, 2013. See Lodg. Docs. 9 & 10.

The trial court conducted these proceedings on remand, as recounted by the Court of Appeal in its next opinion on direct review, filed March 16, 2015 (emphasis added):

> In a prior appeal to this court, we affirmed the judgment of conviction of the present offenses but vacated the true findings and resulting sentences on a prior serious felony conviction and an on-bail enhancement. We held (1) the trial court failed to find that defendant was the person described in the 1987 records of the prior conviction

|   |   |
|---|---|
| 1 | of dissuading a witness (Pen. Code, § 136.1), and (2) the trial court failed to elicit an admission to an allegation that defendant committed the offenses in **Case No. 10F2330** while released from custody in **Case No. 10F2176** (Pen. Code, former § 12022.1). The matter was remanded for further proceedings on those two issues. (People v. Bohannan (Feb. 8, 2013, C068482) [nonpub. opn.].). . . . |
| 2 | |
| 3 | |
| 4 | |
| 5 | In September 2013 the trial court conducted a trial on the issue of defendant's identity . . . [and] found that defendant was the Kelly Lee Bohannan who had suffered the 1987 prior serious felony conviction. |
| 6 | |
| 7 | In October 2013 the People moved to dismiss the Penal Code section 12022.1 allegation, a motion the court granted, thus obviating the need for further proceedings on that issue. . . . |
| 8 | |
| 9 | Defendant filed notices of appeal in November 2013 and December 2013. Each notice requested a certificate of probable cause. Both requests were denied. |
| 10 | |

People v. Bohannan, 2015 WL 1226785 at *1-2, 2015 Cal. App. Unpub. LEXIS 1840 (Cal. Ct. App. Mar. 16, 2015) (Lodg. Doc. 17) (fns omitted). After considering appointed counsel's Wende brief,[1] and petitioner's supplemental brief challenging his 1987 conviction, the Court of Appeal made the following determinations:

> Defendant filed a supplemental brief contending his 1987 prior serious felony conviction, which he admitted as part of his July 2010 plea, is unlawful in that after the magistrate found the offense to be a misdemeanor, the prosecutor filed and prosecuted the matter as a felony. The contention is not properly before us. Having failed to obtain a certificate of probable cause (Pen. Code, § 1237.5), defendant cannot raise grounds challenging the validity of the plea or a portion thereof (People v. Mendez (1999) 19 Cal.4th 1084, 1098–1099; People v. Panizzon (1996) 13 Cal.4th 68, 74–75).

> Our review of the record reveals two issues with respect to the second amended abstract of judgment filed on April 10, 2014. . . . The trial court is directed to correct the second amended abstract of judgment to reflect that the victim restitution listed at item No. 9(b) has been paid and to separately list defendant's presentence custody credits and postsentence state prison credits, and to forward a certified copy thereof to the [CDCR].

People v. Bohannan, supra, 2015 WL 1226785, at *2, 2015 Cal. App. Unpub. LEXIS 1840. The

---

[1] Under People v. Wende (1979) 25 Cal.3d 436, 440, appointed counsel may file an appellate brief requesting the court to independently review the entire record "to determine for itself whether there were any arguable issues." "The appellate court, upon receiving a 'Wende brief,' must 'conduct a review of the entire record,' regardless of whether the defendant has filed a pro se brief." Smith v. Robbins, 528 U.S. 359, 266 (2000) (quoting Wende at 441).

7

Court of Appeal affirmed the trial court's judgment in all other respects. Id. Petitioner filed a petition for review in the California Supreme Court on April 27, 2015, which was denied on June 10, 2015. (Lodged Doc. Nos. 18 & 19.)

### V. Original and Proposed Claims for Relief

Petitioner seeks leave to amend his habeas petition in order to add one newly exhausted claim. Petitioner's original federal petition presents five grounds for relief: (1) the trial court, on remand in 2013, violated petitioner's due process rights when it refused to reconsider whether petitioner's 1987 conviction under Cal. Penal Code § 136.1(c) was a felony, and twice denied petitioner's requests for a certificate of probable cause,[2] ECF No. 1 at 5-8; (2) the trial court, in 1987, exceeded its jurisdiction by accepting petitioner's plea to a felony under Cal. Penal Code § 136.1(c) because it was originally charged as a misdemeanor, ECF No. 1 at 9-15; (3) petitioner's 1987 felony conviction for Cal. Penal Code § 136.1(c), used as a prior strike to enhance his current sentence, was not supported by sufficient evidence or found true by a jury as required by the Apprendi[3] line of cases, ECF No. 1 at 16; (4) Proposition 47[4] requires that three of petitioner's five prior convictions for felony drug possession, relied on to enhance his 2010 sentence in case Nos. 10F2176 and 10F2330, be reduced to misdemeanors and, therefore, that his 2010 sentence be recalculated, ECF No. 1 at 22-5; and (5) Proposition 47 and related statutory amendments require that petitioner's 2010 felony conviction for possession of methamphetamine in violation

////

---

[2] Petitioner argues that the appellate court's first "remand erased the conviction on the prior serious felony and sent him back to trial," rendering the matter "outside the scope of the [2010] plea." ECF No. 1 at 7-8.
[3] See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")
[4] Proposition 47, "The Safe Neighborhoods and Schools Act," was enacted by California voters in November 2014. Codified at Cal. Penal Code § 1170.18, the statute is intended to "maximize alternatives for nonserious, nonviolent crime" by authorizing the reduction of some felony convictions to misdemeanors pursuant to petitions for recall of sentence and resentencing. The Act made "certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." People v. Rivera (2015) 233 Cal. App. 4th 1085, 1091.

of Cal. Health & Safety Code § 11377, subd. (a), in case No. 10F2176, be reduced to a misdemeanor, ECF No. 1 at 24-8.

The proposed FAP deletes original Grounds Four and Five but restates (in identical form) original Grounds One, Two and Three. However, original Ground Three is designated Ground Four in the FAP, and petitioner's newly exhausted claim is designated Ground Three.

Petitioner's newly exhausted claim[5] alleges ineffective assistance of petitioner's trial and appellate counsel in violation of his Sixth and Fourteenth Amendment rights. "A meritorious ineffective assistance of counsel claim has two components. First, the petitioner must demonstrate that counsel's performance was deficient and 'fell below an objective standard of reasonableness.' Second, the petitioner must establish prejudice by demonstrating that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Hebner v. McGrath, 543 F.3d 1133, 1137 (9th Cir. 2008) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).

As presented to this court, petitioner's new claim provides in full:

> Petitioner's Due Process Clause of the Sixth and Fourteenth Amendments was violated (right to counsel) IAC: Trial counsel was ineffective for failing [to] protect petitioner rights as to Grounds 1 at 2; and also; appellate counsel was ineffective for failing to raise an IAC claim relating to trial counsel's rendered ineffective assistance in failing to protect petitioners constitutional rights IAC applies equally to trial and appellant counsel.

ECF No. 40 at 5.

Petitioner's allegations in support of this claim were more developed before the California Supreme Court, as follows:

> Petitioners trial counsel was ineffective for failing to protect petitioners Due Process rights as a criminal defendant and not allow petitioners Fifth & Fourteenth Amendments; Double Jeopardy & Insufficient Evidence (Ground 1). Petitioners conviction of Penal Code 136(A) plea agreement was a misdemeanor and not a felony as the trial court erred in true findings of a serious prior conviction and also petitioners Sixth and Fourteenth Amendments (Ground 2). The trial court acted in excess of its statutory power and accepted a plea without subject matter jurisdition to a change of a violation of P.C.

---

[5] Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on February 20, 2018, which was denied on May 9, 2018. See ECF No. 41 (Rp. Exs. C & D).

9

> § 136.1(c). Trial counsel rendered ineffective assistance. The Sixth amendment right to effective counsel applies equally to both trial and appellate counsel. Petitioner asserts he was denied a critical and fundamental right to a fair trial in accordance with due process of law. The record reflects malfeasance by trial attorney on record in opinion with the court. Appellate counsel failed to raise IAC claim of trial counsel therefore ineffective assistance to trial counsel compounded with IAC of appellate counsel equals denial of the right to counsel and a prejudicial constitutional violation.

ECF No. 41 at 18.

Respondent opposes petitioner's motion to amend on futility grounds, asserting that petitioner's new claim is untimely, does not relate back to the claims of the original petition, was procedurally barred in the state courts, and is non-cognizable under federal law.

VI. <u>Analysis</u>

A. <u>Timeliness</u>

Respondent contends that petitioner's new claim is untimely under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). The statute of limitations provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

In the instant case, following the California Supreme Court's June 10, 2015 denial of direct review after remand (<u>see</u> Lodg. Doc. 19), petitioner had ninety days, or until September 8, 2015, to file a petition for writ of certiorari in the United States Supreme Court. <u>See</u> Rule 13, Supreme Court Rules. Because petitioner did not pursue that option, AEDPA's limitations period commenced the next day, on September 9, 2015. <u>See</u> <u>Bowen v. Roe</u>, 188 F.3d 1157 (9th Cir. 1999) ("period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition"); <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001) (commencement of limitations period excludes last day of period for seeking

////

direct review, by application of Fed. R. Civ. P. 6(a)). Absent tolling, the limitations period expired one year later, on September 9, 2016.

Petitioner was entitled to statutory tolling for a period of 273 days,[6] which extended the federal limitations period from September 9, 2016 to Friday, June 9, 2017.

Respondent concedes that petitioner's original federal petition, filed April 28, 2016,[7] was timely filed. However, respondent contends and the undersigned finds that petitioner's proposed FAP, filed on June 27, 2018, was untimely because filed more than one year after AEDPA's limitations period expired on June 9, 2017. As a result, this court can consider the merits of petitioner's new claim only if it "relates back" to the claims set forth in his original petition.

B. Relation Back

Federal Rule of Civil Procedure 15 allows amendment to a pleading after the statute of limitations has run provided the amendment "relates back" to the original pleading because it arose out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c)(1)(B). The

---

[6] The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). A "properly filed" state petition is considered "pending" under Section 2244(d)(2) during both its pendency in the reviewing court and the interval between that court's decision and the filing of a petition in a higher court, provided the latter is filed within a "reasonable time." Carey v. Saffold, 536 U.S. 214, 216-17 (2002)); see also Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).

Pursuant to these standards, petitioner was entitled to statutory tolling for the following periods: (1) pendency of petition for writ of habeas corpus filed August 19, 2015 in the Shasta County Superior Court, denied February 19, 2016 (Case No. 15HB4963) (163 days after commencement of the limitations period on September 9, 2015); (2) interval tolling from February 19, 2016 to April 7, 2016 (48 days); (3) pendency of petition for writ of habeas corpus filed April 7, 2016 in the Third Appellate District Court of Appeal, denied April 21, 2016 (Case No. C081722) (14 days); (4) interval tolling from April 21, 2016 to May 5, 2016 (14 days); and (5) pendency of petition for review filed May 5, 2016 in the California Supreme Court, denied June 8, 2016 (Case No. S234306) (34 days). See ECF No. 21 at 3 (and related exhibits) (Lodg. Docs. 21-27).

[7] Unless otherwise noted, filing dates referenced herein are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

11

Supreme Court has construed this rule to permit relation back only if there exists "a common core of operative facts uniting the original and newly asserted claims." Mayle, 545 U.S. at 659 (citations and internal quotation marks omitted). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Id. at 664 (fn. omitted). "[A] new claim must arise from the same aggregation of facts set forth in the earlier petition in order to relate back. An amendment cannot relate back to 'facts that differ in both time and type from those the original [petition] set forth.'" Ross v. Williams, 896 F.3d 958, 964 (9th Cir. 2018) (quoting Mayle, 545 U.S. at 650). Significantly, because "Congress enacted AEDPA to advance the finality of criminal convictions," claims asserted after expiration of the limitations period do not relate back if they merely involve "the same trial, conviction, or sentence as a timely filed claim[.]" Mayle, 545 U.S. at 662.

Petitioner's new claim initially alleges ineffective assistance of his trial counsel for failing to protect and pursue petitioner's rights under Claims One and Two. As respondent notes, both claims are collateral attacks on the validity of petitioner's 1987 prior conviction under Cal. Penal Code § 136.1(c), ECF No. 41 at 8, which petitioner contends should have been designated a misdemeanor rather than a felony. Claim Two alleges the trial court in 1987 exceeded its jurisdiction in finding the conviction a felony; Claim One alleges that the trial court in 2013 erred in reaching the same conclusion after reviewing the 1987 record and declining to issue a certificate of probable cause on the matter.

These alleged trial court errors in 1987 and 2013 involved distinctly different operative facts. Moreover, neither alleged error shares a common core of operative facts with petitioner's general assertion that his trial counsel failed to prevent or correct these errors. Because petitioner makes no specific allegations concerning trial counsel's challenged conduct or failure to act, there are no operative facts to compare. Moreover, the Ninth Circuit has held that the core facts underlying a trial court's alleged errors are different in type from the core facts underlying the alleged ineffectiveness of trial counsel in relation to those errors, rendering relation back inappropriate. See Schneider v. McDaniel, 674 F. 3d 1144, 1151 (9th Cir. 2012) (finding that

////

trial court's denial of a motion did not share a common core of operative facts with trial counsel's alleged failure to timely file the motion).

The remaining portion of petitioner's new claim is that his appellate counsel rendered ineffective assistance of counsel by failing to challenge the alleged ineffectiveness of his trial counsel. This claim, which lacks specific allegations concerning when and on what grounds appellate counsel should have asserted the ineffectiveness of petitioner's trial counsel, also suffers from petitioner's failure to specify trial counsel's alleged errors. Even assuming some merit to petitioner's ineffective assistance of counsel claim against his trial counsel, appellate counsel's failure to raise such claim on appeal involves conduct separated in both time and type from the alleged trial court errors at the heart of petitioner's Claims One and Two. Mayle, 545 U.S. at 650, 659. The alleged ineffectiveness of petitioner's trial and appellate counsel are "entirely distinct type[s] of attorney misfeasance." United Sstates v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005).

For these reasons, the undersigned finds that petitioner's untimely but newly exhausted ineffective assistance claim, made against both his trial and appellate counsel, does not relate back to petitioner's original claims that were timely filed. This finding requires that petitioner's motion to amend be denied. Nevertheless, the court addresses respondent's additional grounds for denying petitioner's motion.

### C. Procedural Bar

Respondent contends that petitioner's new claim is also barred by the California Supreme Court's finding that the claim was untimely. The court agrees. The California Supreme Court ruled as follows when it denied petitioner's petition for collateral review on May 9, 2018:

> The petition for writ of habeas corpus is denied. (See In re Robbins (1998) 18 Cal.4th 770, 780 [courts will not entertain habeas corpus claims that are untimely]; In re Clark (1993) 5 Cal.4th 750, 767-769 [courts will not entertain habeas corpus claims that are successive]; People v. Duvall (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; In re Swain (1949) 34 Cal.2d 300, 304 [a petition for writ of habeas corpus must allege sufficient facts with particularity].)

ECF No. 41 at 14 (Resp. Ex. C).

////

13

"California courts signal that a habeas petition is denied as untimely by citing the controlling decisions, i.e., Clark and Robbins." Walker v. Martin, 562 U.S. 307, 310 (2011); see also id. at 313 ("A summary denial citing Clark and Robbins means that the petition is rejected as untimely.").[8] The Supreme Court has held that California's timeliness rule is a state procedural bar that is independent of federal law and adequate to support the state court's judgment. Walker, 562 U.S. at 315-21. Thus construed, the California Supreme Court's denial of petitioner's new claim on timeliness grounds is a procedural bar precluding federal habeas review. Id. Although the bar to federal review may be lifted if the prisoner can demonstrate cause for the procedural default in state court and actual prejudice as a result of the alleged violation of federal law, see Maples v. Thomas, 565 U.S. 266, 280 (2012), petitioner has made no showing of cause and prejudice warranting such exception in the instant case.

### D. Non-cognizable Under Federal Law

Finally, respondent contends that petitioner's new claim is non-cognizable under Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001). The undersigned agrees. In Lackawanna, the Supreme Court held that a petitioner may not challenge his present custody on grounds that a prior conviction was invalid. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Id. at 403. The Supreme Court has recognized only one exception to this rule: when "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963)." Lackawanna, 532 U.S. at 404. This exception does not apply here.[9]

---

[8] In addition, the California Supreme Court's citations to Swain and Duvall "means that the California Supreme Court rejected Curiel's petition as insufficiently pleaded." Curiel v. Miller, 830 F.3d 864, 869 (2016).

[9] Nor do the circumstances of this case support the narrow exception recognized by the Ninth Circuit in Durbin v. People of California, 720 F.3d 1095, 1099 (9th Cir. 2013), viz., that "when a defendant cannot be faulted for failing to obtain timely review of a constitutional challenge to an (continued…)

14

### E. Summary

For the reasons set forth above, the undersigned finds that amendment of the original petition would be futile because petitioner's newly exhausted claim was filed after expiration pf the limitations period established by the AEPDA; does not meet the requirements for relating back to petitioner's original claims Under Rule 15; is procedurally barred; and is not cognizable under federal law. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin, supra, 59 F.3d at 845.

### VII. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to amend his habeas petition, ECF No. 39, be denied; and

2. Petitioner's original habeas petition, ECF No. 1, be decided on the merits.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 31, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

expired prior conviction, and that conviction is used to enhance his sentence for a later offense, he may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained." In Durbin, the Ninth Circuit found that petitioner could not be faulted for his failure to obtain timely review of his claims because the state court had refused, without justification, to review his claims based on the incorrect determination that he was not in custody. In contrast, in the instant case, petitioner does not assert that he was prevented from filing an appeal of his 1987 conviction or that he attempted to submit an appeal that was denied without justification.

15