UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY LEE BOHANNAN,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM L. MUNIZ, Warden,<br><br>Respondent. | No. 2:16-cv-1342 DJC AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition, ECF No. 1, challenges the consolidated disposition of three Shasta County felony cases in 2011. Respondent has answered, ECF No. 20, and petitioner filed a traverse, ECF No. 33.

BACKGROUND

I.  Proceedings In the Trial Court

The initial trial court proceedings were recounted by the Third District California Court of Appeal, on direct review in 2013, as follows:

> In **Case No. 10F2176** defendant was charged in March 2010 with possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) It was further alleged he had a prior strike conviction in 1987 (Pen. Code, § 1170.12) and had served five prior prison terms (id., § 667.5, subd. (b)).
>
> A few days later, defendant was charged in a separate complaint –

1

**Case No. 10F2330** – with felony vandalism (Pen. Code, § 594, subd. (b)(1)), attempted auto theft (Veh. Code, § 10851, subd. (a)/Pen. Code, § 664), and misdemeanor counts of driving under the influence (Veh. Code, § 23152, subd. (a)), being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), hit-and-run (Veh. Code, § 20002, subd. (a)) and obstructing a peace officer (Pen. Code, § 148, subd. (a)(1)). As to the felony charges, it was also alleged defendant had committed these offenses while he was released on bail in **Case No. 10F2176**. It was further alleged defendant suffered a prior strike conviction (Pen. Code, § 1170.12) and had served five prior prison terms (id., § 667.5, subd. (b)).

In July 2010, in **Case No. 10F2176**, defendant pleaded no contest to possessing methamphetamine and admitted the prior strike allegation. In **Case No. 10F2330**, he pleaded no contest to felony vandalism, felony attempted vehicle theft and misdemeanor driving under the influence. He also admitted the prior strike conviction and five prior prison term allegations. The plea agreement indicated defendant would also admit the on-bail enhancement allegation. However, defendant did not actually enter that admission. Pursuant to the plea agreement, the remaining charges were dismissed. Defendant was provisionally granted probation if he completed the Teen Challenge treatment program. If he failed the program, he would be sentenced to a term of 15 years four months in state prison.

Approximately three weeks later, defendant moved to withdraw his admission of the prior strike, based on his claim that the 1987 conviction was a misdemeanor conviction, not a felony. The People acknowledged defendant had established a sufficient basis for withdrawing the admission and the trial court granted the motion.

At the hearing on the motion, the People noted defendant was now entitled to a jury trial on the strike allegation and indicated their willingness to proceed immediately to a court trial if defendant waived his right to a jury trial. Defense counsel and defendant indicated they were prepared to waive jury trial and proceed to a court trial. The court and counsel then set forth the issues to be addressed: first, the validity of the underlying felony conviction; second, whether the prior strike allegation was true; and, third, was ineffective assistance of counsel rendered in the 1987 proceedings?

The People offered into evidence the 1987 change of plea form and copy of the information. The trial court took judicial notice of the entire 1987 file (**Case No. 87–1772**), including the copy of the plea form, the information and preliminary hearing transcript. The 1987 file reveals that defendant was charged with, among other things, felony dissuading a witness. (§ 136.1, subd. (c).) Following the preliminary hearing, defendant was held to answer for a "violation of [section] 136.1, a misdemeanor, of attempting to persuade a witness." Six weeks after the preliminary hearing, defendant pleaded guilty to two drug possession counts and "preventing and dissuading a witness from testifying, a felony, in violation of

> Section 136.1 [subdivision] (c) of the California Penal Code, as charged in count 3 of the Information on file...." (Some capitalization omitted.) In accepting the plea, the court found a factual basis for the felony plea. The record of judgment and sentencing and the report of sentence both indicate defendant was found guilty of a felony count of dissuading a witness. There was no reporter's transcript of the plea hearing in the court file.
>
> At the conclusion of the September 2010 hearing, the court (an assigned judge) took the matter under submission commenting, "This seems to be [a] complicated issue." After various continuances, and some confusion as to the current status of the case, in April 2011, the People explained the procedural posture of the case to the court: That defendant had been allowed to withdraw his strike admission and there had been "a trial on the priors in which the People presented the certified copy of conviction, requested judicial notice of the court's file concerning that, defense counsel presented evidence during the trial that consisted of the preliminary hearing from the – in the underlying strike prior, [and] both parties argued." The People advised the court the parties were waiting for a ruling as to whether the strike prior had been proven: "We submitted the documents, requested judicial notice and had the court trial, but the Court never made any findings as to whether or not the People have met their burden of proof with respect to the strike allegation.... [W]e were on I believe ... for the Court to issue the findings on whether or not the People had proven the strike allegation." The People also clarified that defendant's motion was not a motion to strike the prior, because the argument was not "that the punishment should be stricken, but that the strike itself was not a valid strike."
>
> After reviewing the 1987 court records, the assigned trial judge ruled, "I don't see anything invalid about the strike, because it was charged as a felony, he pled to a felony. The change of plea form clearly indicates that, so I don't see anything invalid about the strike itself.... But if it's simply here to determine the validity, and I'm – of the strike itself, it – the ruling of the Court is that it is valid."
>
> Meanwhile, between the time of the original plea agreement in **Case Nos. 10F2176 and 10F2330** (July 2010) and the trial on the prior strike allegation (April 2011), another complaint alleging additional drug possession charges was filed against defendant in **Case No. 11F2362**. After the court's finding that the 1987 conviction was a valid strike, the parties entered into a global disposition of all three cases. Under this disposition, in addition to his earlier pleas, defendant also pleaded guilty to transporting methamphetamine in **Case No. 11F2362**. In exchange, he was to be sentenced to the previously agreed upon term of 15 years four months on **Case Nos. 10F2176 and 10F2330**, and an additional consecutive one year on **Case No. 11F2362**.

Lodged Doc. 8 at 2-5 (emphases added).

////

II.     State Court Post-Conviction Proceedings

   A. Initial Appeal (California Court of Appeal Case No. C068482)

Petitioner timely appealed. On February 8, 2013, the Third District Court of Appeal affirmed the trial court's judgment as to petitioner's substantive offenses and found, in pertinent part, that the trial court had properly determined, based on a review of the entire 1987 court file, that petitioner had been both "charged with, and pleaded guilty to, a *felony* conviction of section 136.1, subdivision (c)." Lodged Doc. 8 at 8 (emphasis added). Therefore, the conviction qualified as a strike under Section 1170.12. However, due to petitioner's withdrawal of his admission to the conviction and a trial on the matter prior to the parties reaching a global disposition as to all of petitioner's cases, the Court of Appeal remanded the case to the trial court "for defendant personally to admit the prior serious felony conviction allegation, or submit to a court trial on the issue of identity – whether he is the person who has suffered the prior conviction." Id. at 11.

Petitioner filed a petition for review in the California Supreme Court, which was denied on April 17, 2013. Lodged Docs. 9 & 10.

   B. Proceedings on Remand

In September 2013, the superior court conducted a trial on the issue of petitioner's identity and found that he was the Kelly Lee Bohannan who had suffered the 1987 prior serious felony conviction.

   C. Second Appeal (California Court of Appeal Case No. C075236)

Petitioner appealed. Appointed counsel submitted a brief pursuant to People v. Wende, 25 Cal.3d 436 (1979),[1] and petitioner filed a supplemental brief challenging his 1987 conviction. The Court of Appeal ordered two minor corrections to the abstract of judgment, but otherwise affirmed the judgment on March 16, 2015. Lodged Doc. 17 at 4.

////

---

[1] A "Wende brief" seeks independently review of the entire record by the appellate court "to determine for itself whether there were any arguable issues." Wende, 25 Cal.3d at 440.

4

Petitioner filed a petition for review in the California Supreme Court which was denied on June 10, 2015.  Lodged Doc. No. 19.

### D.  Applications for State Habeas Relief

Petitioner filed a petition for writ of habeas corpus in the superior court on August 19, 2015, which was denied on February 19, 2016.  Lodged Docs. 21, 23.  Petitioner next filed a habeas petition in the California Court of Appeal, which was denied on April 21, 2016.  Lodged Docs. 24, 25.  Petitioner then filed a petition for review in the California Supreme Court, which was denied on June 8, 2016.  Lodged Docs. 26, 27.

### III.  Proceedings in this Court

The federal habeas petition was timely filed in the Northern District of California and subsequently transferred to this court on June 16, 2016.  ECF No. 8.  Respondent filed an answer on November 9, 2017, ECF No. 20, and the court thereafter granted extended time for petitioner's reply.  On February 2, 2018, petitioner filed a motion to stay the federal action pending further exhaustion, ECF No. 31, and he filed a traverse on March 2, 2018, ECF No. 33.  Further briefing of the stay issue ensued.  The California Supreme Court denied petitioner's 2018 exhaustion petition on May 9, 2018, ECF No. 36, mooting the pending motion for a stay.  The undersigned then directed petitioner to file a motion to amend his petition to include the newly exhausted claim; briefing of the motion to amend followed.  On February 1, 2019, the undersigned recommended that the motion to amend be denied and that the original petition be decided on the merits.  ECF No. 42.  U.S. District Judge Troy L. Nunley adopted the findings and recommendations in full.  ECF No. 44.

## STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 562 U.S. 86, 99 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 569 U.S. 58, 64 (2013).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 563 U.S. 170, 180-181 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. at 181-182. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 182.

Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. Richter, 563 U.S. at 102.

## DISCUSSION

### I. Claims One and Two: Strike Based on Invalid 1987 Conviction

#### A. Petitioner's Allegations and Pertinent State Court Record

Claims One and Two overlap in substance, alleging that petitioner's 1987 prior conviction was invalid and that its consideration as a strike at sentencing in 2013 therefore violates due process. ECF No. 1 at 5, 7-15. Petitioner's theories as to the invalidity of the conviction rest primarily on the contention that the offense charged in case No. 87F1772 was found at the preliminary hearing to be a misdemeanor. On that basis petitioner argues variously that it violated due process for the case thereafter to have been prosecuted as a felony; that petitioner's plea in that case must be construed as a misdemeanor plea, which does not support a strike; and that the court lacked jurisdiction to accept a felony plea in the prior case. Id.

The factual and procedural background to this claim is set forth in detail above. In sum, the record reflects as to the 1987 prior conviction that the offense had been initially charged as felony dissuading a witness, and that petitioner pled guilty to felony dissuading a witness and was sentenced for that offense, but that the order following the preliminary hearing mistakenly referred to the charge as a misdemeanor. On initial appeal, the Court of Appeal upheld the trial court's 2011 finding, which had been based on the record of the 1987 case as a whole, that the conviction was in fact a felony conviction that qualified as a strike; remand was for the limited purpose of either obtaining petitioner's admission of the conviction or, alternatively, conducting a hearing to determine whether he was the person convicted in the prior case. Lodged Doc. 8 at 8-9 (finding the evidence sufficient to prove 1987 conviction was a felony), 9-11 (finding procedural

error in absence of a "true finding" after withdrawal of petitioner's admission of the strike). The superior court on remand took evidence and found that petitioner was the same person convicted in the 1987 case, which supported application of the strike.

### B. The Clearly Established Federal Law

Sentencing is generally governed by state law, and errors related to the application of state law do not support federal habeas relief. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). A state law sentencing error provides a cognizable basis for habeas relief only where the error was "so arbitrary or capricious as to constitute an independent due process violation." Richmond v. Lewis, 506 U.S. 40, 50 (1992).

### C. The State Court's Ruling

This issue was presented to the California Court of Appeal in the pro se supplemental brief that petitioner filed in his second appeal, Case No. C075236. The California Supreme Court denied review. Accordingly, the opinion of the California Court of Appeal constitutes the last reasoned decision on the merits and is the subject of habeas review in this court. See Ylst v. Nunnemaker, 501 U.S. 797 (1991); Ortiz v. Yates, 704 F.3d 1026, 1034 (9th Cir. 2012).

The appellate court found the challenge to the prior conviction determination to be barred on appeal, because petitioner had not obtained a certificate of probable cause pursuant to Penal Code § 1237.5. Lodged Doc. 17 at 3-4.

### D. Federal Habeas Relief is Unavailable

Respondent contends that Claims One and Two are procedurally defaulted, fail to state a federal constitutional claim, and are barred by Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001). ECF No. 20 at 14-17. Because the court agrees with the latter two propositions, the issue of procedural default need not be addressed. See Lambrix v. Singletary, 520 U.S. 518, 525 (1997) (when the merits are "easily resolvable against the habeas petitioner," procedural default issues may be bypassed); Batchelor v. Cupp, 693 F.2d 859, 864 (9th Cir. 1982) (court may exercise discretion to reach merits when doing so would be more efficient than adjudicating the question of procedural default).

The Supreme Court has clearly held that a federal habeas petitioner may not challenge his

present custody on grounds that a prior conviction used to enhance the sentence was invalid. Lackawanna, 532 U.S. at 402. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Id. at 403. The Supreme Court has recognized only one exception to this rule: when "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963)." Id. at 404. This exception does not apply here.[2]

Moreover, sentencing under California's three strikes regime—including determinations of what prior convictions count as "strikes"—is purely a matter of state law. Errors related to the application of state law do not support federal habeas relief. See Lewis, 497 U.S. at 780; Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). The state appellate court's conclusion that petitioner's 1987 conviction was properly counted as a strike is a state law determination that is binding on this court. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005). Petitioner's invocation of "due process" in conjunction with his state law argument does not create a viable due process claim. See Park v. California, 202 F.3d 1146, 1154 (9th Cir. 2000) (merely placing a "due process" label on a state law claim does not transform it into a federal claim).

Under AEDPA, habeas relief is unavailable where the U.S. Supreme Court has not expressly announced the constitutional principle upon which petitioner's claim relies. Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam). The Supreme Court has never announced

---

[2] Nor do the circumstances of this case support the narrow exception recognized by the Ninth Circuit in Durbin v. People of California, 720 F.3d 1095, 1099 (9th Cir. 2013), viz., that "when a defendant cannot be faulted for failing to obtain timely review of a constitutional challenge to an expired prior conviction, and that conviction is used to enhance his sentence for a later offense, he may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained." In Durbin, the Ninth Circuit found that petitioner could not be faulted for his failure to obtain timely review of his claims because the state court had refused, without justification, to review his claims based on the incorrect determination that he was not in custody. In contrast, there has been no showing that petitioner was prevented from filing an appeal of his 1987 conviction or that he attempted to submit an appeal that was denied without justification.

any constitutional limitation on the prior convictions that may be considered under recidivist sentencing statutes like the three strikes law. This dooms petitioner's claims. Id.; see also, e.g., John-Charles v. California, 646 F.3d 1243, 1253 (9th Cir.) (denying relief because no clearly established Supreme Court precedent precludes the use of a juvenile adjudication to enhance a sentence), cert. denied, 565 U.S. 1097 (2011). And both before and after passage of the AEDPA, the Ninth Circuit has held that habeas review is unavailable to California prisoners challenging the application of strikes or the validity or adequacy of the convictions used to enhance a sentence. See Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002) (claim under People v. Superior Court (Romero), 13 Cal.4th 497 (1996), not cognizable in federal habeas), overruled on other grounds, 538 U.S. 901 (2003); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether a prior conviction supports a sentence enhancement under California law not cognizable in federal habeas).

For all these reasons, petitioner's challenge to his enhanced sentence may not be entertained.

## II.    Claim Three: Impermissible Judicial Fact-Finding

### A. Petitioner's Allegations and Pertinent State Court Record

Petitioner identifies his third claim for relief as follows, "Does the prior conviction violate petitioner's 6th and 14th Amendments in accordance with the rulings in Apprendi, Blakely and Cunningham[?]"[3] ECF No. 1 at 16. Petitioner first recites the proposition announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), that the Constitution precludes a trial court from imposing a sentence above the statutory maximum based on a fact, other than a prior conviction, not found true by a jury. Petitioner then alleges that in his 1987 case the judge made a finding that he had not used an express or implied threat of force when attempting to dissuade a witness from testifying, and therefore held him over for a misdemeanor. The prosecutor then charged petitioner with the felony in violation of due process. The additional element increased petitioner's sentence. Id.

---

[3] See Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004); Cunningham v. California, 549 U.S. 270 (2007).

### B. The Clearly Established Federal Law

The Sixth Amendment right to a jury trial extends to any fact used to increase a felony sentence beyond the otherwise applicable statutory maximum. Apprendi, 530 U.S. at 490. Accordingly, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." United States v. Booker, 543 U.S. 220, 244 (2005). The "statutory maximum" for Apprendi purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. Blakely v. Washington, 542 U.S. 296, 303-04 (2004). In 2007, the U.S. Supreme Court applied these principles to hold California's determinate sentencing system unconstitutional to the extent it permitted judges to impose an upper term sentence, rather than the otherwise mandatory middle term, based on aggravating facts related to the offense conduct that it found by a preponderance of the evidence. Cunningham v. California, 549 U.S. 270 (2007).

### C. The State Court's Ruling

It is difficult to determine which state court, if any, ruled on this claim[4] because it is difficult to discern the precise nature of the claim from the face of the federal petition. Petitioner does not explain how the facts he recites demonstrate a violation of the legal principle on which he relies; they appear to be inapposite. See ECF No. 1 at 16 (summarized above). Respondent points out that petitioner had presented an Apprendi-related issue on appeal that he may be attempting to reassert here: that the Apprendi line of cases culminating in Shepard v. United States, 544 U.S. 13, 24 (2005), required reversal of the strike based on the 1987 conviction. ECF No. 20 (answer) at 17 (citing Lodged Doc. 5 at 25-28). In sum, petitioner had challenged the

---

[4] The first step in the federal habeas analysis under AEDPA is the determination which state-court decision serves as the basis for review. Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005).

11

superior court's 2011 finding that the 1987 conviction involved a felony, on grounds that the court considered evidence that did not satisfy Shepard, supra, and the strike therefore was not proven.

The California Court of Appeal ruled as follows on that issue:

> Defendant relies on Shepard to support his claim that the prior strike was not proven to be a felony conviction rather than a misdemeanor because the prosecution offered documents beyond those allowed under Shepard. In Shepard, the United States Supreme Court held that the determination under the Armed Career Criminals Act (ACCA) of "whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." (Shepard, supra, 544 U.S. at p. 26 [161 L.Ed.2d at p. 218].) Defendant contends the materials relied upon in this case by the prosecution to prove the prior conviction did not meet this standard. Defendant also argues that People v. Guerrero (1988) 44 Cal.3d 343, 355 (Guerrero), which allows consideration of the entire record of conviction, is erroneous under Shepard. He contends the documents which can now be considered are much more limited and "include only documents from the prior case that show that the plea of guilty itself '"necessarily" rested' on a fact that identifies the crime as one falling within the statute." (Quoting Shepard, supra, 544 U.S. at pp. 20-21 [161 L.Ed.2d at p. 214].)
>
> Initially, the court's plurality conclusion in Shepard, limiting the evidence to be considered, was based on the interpretation of a federal statute, the ACCA, fundamentally distinct from California law. That federal statute did not have the procedural protections for defendants that California law does; it did not afford the defendant a jury trial or findings beyond a reasonable doubt on the prior convictions. Thus, the Shepard court's concern that permitting a sentencing court to use a wide array of evidence to establish a qualifying prior conviction would infringe upon a defendant's right to a jury trial is not applicable here. (Shepard, supra, 544 U.S. at p. 24-26 [161 L.Ed.2d at pp. 216-217]; see also People v. Gonzales (2005) 131 Cal.App.4th 767, 775.)
>
> Moreover, we disagree with defendant that Guerrero, supra, 44 Cal.3d 343 is no longer good law. The argument ignores the express language of Shepard which states that among the records which may be considered, in addition to "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed" is "some comparable judicial record of this information." (Shepard, supra, 544 U.S. at p. 26 [161 L.Ed.2d at p. 218].) This is not inconsistent with the current standard in California, that "[i]n determining the substance of a prior conviction, the trier of fact may look to the entire record of

12

conviction. [Citation.] The 'record of conviction' includes the charging document and court records reflecting defendant's admission, no contest plea, or guilty plea." (People v. Gonzales, supra, 131 Cal.App.4th at p. 773.) The record of conviction also includes transcripts of the preliminary hearing and the sentencing hearing. (Ibid.; People v. Thoma (2007) 150 Cal.App.4th 1096, 1101.)

Here, the trial court took judicial notice of the entire 1987 court file. This file included the charging documents, defendant's change of plea declaration, the change of plea minutes, the probation report, disposition of arrest and court action, the preliminary hearing transcript, the judgment and sentencing order, and the report of sentence. These are judicial records containing information comparable to that required in Shepard. The records demonstrate unambiguously that defendant was charged with, and pleaded guilty to, a felony violation of section 136.1, subdivision (c). The court found a factual basis for that plea, accepted the plea and found defendant guilty of a felony violation of section 136.1, subdivision (c). Each of these documents not only specifically states the offense is a felony, but also specifies the violation is of subdivision (c), the subdivision which described a felony offense. This is sufficient evidence to establish that defendant's prior conviction was a felony offense, not a misdemeanor.

Defendant also contends the documents in the 1987 court file, of which the trial court took judicial notice, are not substantial evidence of a felony conviction.

"Evidence Code sections 452 and 453 permit the trial court to 'take judicial notice of the *existence* of judicial opinions and court documents, *along with the truth of the results reached—in the documents such as orders, statements of decision, and judgments*— but cannot take judicial notice of the truth of hearsay statements in decisions or court files, including pleadings, affidavits, testimony, or statements of fact.'" (People v. Harbolt (1997) 61 Cal.App.4th 123, 126-127, second italics added.) This is so because "another court's findings of fact and conclusions of law in support of a judgment ... are conclusive and uncontrovertible in character and not reasonably subject to dispute." (People v. Tolbert (1986) 176 Cal.App.3d 685, 690.) Here, the no contest plea recorded in the court minutes and the judgment the court pronounced based on that plea are just as "conclusive and uncontrovertible" as any findings of fact and conclusions of law. Accordingly, the court minutes were sufficient to prove that the prior conviction was for a felony offense of dissuading a witness.

Lodged Doc. 8 at 6-9.

### D. Federal Habeas Relief is Unavailable

The California Court of Appeal reasonably found that Shepard, a case about the validity of the federal Armed Career Criminals Act, does not invalidate the materially distinct sentencing

13

1  regime that applied to petitioner. The state court also reasonably concluded that the evidence of
2  petitioner's prior felony conviction would have satisfied the Shepard standard. Shepard limited
3  the determination of a prior conviction's character to examination of "the statutory definition,
4  charging document, written plea agreement, transcript of plea colloquy, and any explicit factual
5  finding by the trial judge to which the defendant assented." Shepard, 544 U.S. at 16. In this case,
6  the 1987 charging document showed that petitioner was charged with a felony, the plea
7  declaration specified a felony offense, and the cited Penal Code section expressly identifies a
8  felony offense. Accordingly, it cannot have been objectively unreasonable under Shepard to
9  reject petitioner's claim.

10  No clearly established federal law has applied Apprendi and progeny to limit the evidence
11  that a state court can consider in determining whether a prior conviction was sustained and/or
12  qualifies as a strike under a recidivist sentencing scheme. Apprendi itself *excludes* proof of prior
13  convictions from the universe of aggravating facts that must be found by a jury. Apprendi, 530
14  U.S. at 476; see also Booker, 543 U.S. at 244. Cunningham, supra, does not help petitioner,
15  because it involved an aspect of California sentencing law that did not apply to him. Because the
16  U.S. Supreme Court has never recognized the constitutional principle on which petitioner's claim
17  depends, federal habeas relief is unavailable. See Wright, S552 U.S. at 125-26; see also, e.g.,
18  Kessee v. Mendoza-Powers, 574 F.3d 675 (9th Cir. 2009) (habeas relief unavailable for claim
19  under Apprendi and Shepard that California trial court improperly found a prior conviction,
20  because U.S. Supreme Court has not announced the specific principle upon which claim
21  depended).[5] Accordingly, to the extent that the instant Apprendi claim is directed to the fact

---

[5] This case is unlike Wilson v. Knowles, 638 F.3d 1213 (9th Cir. 2011), in which the Ninth Circuit found Apprendi error and granted habeas relief when a California sentencing judge made findings based on the record of a prior case that the prior offense had involved the infliction of great bodily injury on a non-accomplice. Those facts had not been found by the jury in the previous case and were not necessarily encompassed by its verdict. The Ninth Circuit emphasized that those facts were not "historical, judicially notice-able facts." Id. at 1215. Here, the only fact found by the superior court was that the 1987 conviction was a felony and not a misdemeanor, which is a judicially notice-able fact. Unlike the facts at issue in Wilson, this case involves only the historical fact of a prior felony conviction, to which Apprendi by its terms does not apply.

14

finding conducted by the superior court in 2011, 28 U.S.C. § 2254(d) bars relief.

Alternatively, to the extent this claim is intended to challenge the factual findings made in the 1987 criminal case, see ECF No. 1 at 16 (referencing fact finding related to charge of dissuading a witness), the claim is barred by Lackawanna, supra, and non-cognizable in federal habeas for the reasons explained above in relation to Claims One and Two.

III. Claims Four and Five: Reduction of Certain Convictions to Misdemeanors

Attached to the federal petition is briefing previously filed in the Shasta County superior court in support of a 2015 "petition for reduction/resentencing." ECF No. 1 at 22-28; see also Lodged Doc. 20. Respondent construes these attachments as presenting claims he identifies as Claim Four and Claim Five. ECF No. 20 at 15-17, 21-22. Petitioner contends that various convictions used to enhance his current sentence (see ECF No. 1 at 22-23), and various of his current commitment offenses (id. at 23-28), should be reduced to misdemeanors under various provisions of California law. In response to the 2015 petition, the superior court did reduce the drug possession conviction in Case No. 10F2176 to a misdemeanor. Lodged Doc. 20. The petition was otherwise denied. Id. Petitioner did not pursue these claims in the California Supreme Court.

The undersigned need not address the question whether petitioner has exhausted his state court remedies as to these issues, because they do not and can not provide any basis for federal habeas relief. See § 2254(b)(2) (an unexhausted claim may be denied on the merits). As explained above, alleged errors in the application of state sentencing laws do not support federal habeas relief or state cognizable federal habeas claims. Whether petitioner's felony convictions can and should be reduced to misdemeanors is a matter of California law that is not subject to review in this court.

CONCLUSION

For all the reasons explained above, to the extent that the state courts denied petitioner's federal claims, that denial was not objectively unreasonable within the meaning of 28 U.S.C. § 2254(d). Even without reference to AEDPA standards, petitioner has not established any violation of his constitutional rights. Accordingly, IT IS HEREBY RECOMMENDED that the

petition for writ of habeas corpus be denied and that the court decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 5, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE